**The SCRANTON TIMES, L.P. and Jennifer L. Henn, Respondents.**

Supreme Court of Pennsylvania.

Sept. 30, 2014.

### ORDER

PER CURIAM.

**AND NOW,** this 30th day of September, 2014, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by petitioner, are:

(1) Whether in excluding Judge Garb's [Opinion] and Judge Feudal Opinion as inadmissible hearsay, the Superior Court misapplied this Court's controlling authority under *Weaver v. Lancaster Newspapers, Inc.,* 592 Pa.

458, 926 A.2d 899 (2007), where both documents provided [the] Newspaper with strong grounds for believing that, before republishing the defamatory content of a January 12, 2004 article reporting on the Petitioners' testimony before a statewide investigating grand jury, the content of the January 12, 2004 article was false.

(2) Whether the Superior Court erred in its alternative holding that Judge Garb's [Opinion] and Judge Feudale's Opinion should be excluded under Pa.R.E. 403 on prejudice grounds, where both documents are elemental evidence of [the Newspaper's] state of mind and reckless disregard for the truth or falsity of [the Newspaper's] January 12, 2004 and September 18, 2004 articles reporting on [Petitioners'] grand jury testimony.

■

**Michael G. LUTZ Lodge No. 5, of The Fraternal Order of Police, Petitioner**

v.

**CITY OF PHILADELPHIA, Respondent.**

Supreme Court of Pennsylvania.

Oct. 1, 2014.

---

1. Although the PCRA court was not specifically asked to permit the amendment filed by Petitioner, the amendment was within the one-year window contemplated by the PCRA, and the PCRA court specifically entertained the amendment on the merits by scheduling

an evidentiary hearing on the claims raised therein. In this unusual scenario, the hearing procedures contemplated by the Rules, including appointment of counsel, are implicated.

## ORDER

PER CURIAM.

**AND NOW,** this 1st day of October, 2014, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by petitioner, are:

(1) Whether the Commonwealth Court's order allowing a panel of arbitrators to address an issue never raised in the underlying interest arbitration proceedings is contrary to decades of authority from courts of this Commonwealth limiting the authority of arbitrators to address only those issues timely and properly placed before them?

(2) Whether the Commonwealth Court's order allowing a panel of arbitrators to address an issue never raised in the underlying interest arbitration proceedings is contrary to decades of authority from courts of this Commonwealth stating that decisions of Act 111 arbitrators are to be rendered swiftly and with finality?

Justice McCAFFERY did not participate in the consideration or decision of this matter.